IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAMAR HOWARD JEFFRIES,            )
                                  )    Civil No. 06-1138-ST
          Petitioner,             )
                                  )
     v.                           )
                                  )
JEAN HILL,                        )
                                  )    FINDINGS AND RECOMMENDATION
          Respondent.             )

     Lamar Howard Jeffries
     #10426861
     777 Stanton Blvd.
     Ontario, Oregon 97914

          Petitioner, *Pro Se*

     Hardy Myers
     Attorney General
     Lester R. Huntsinger
     Senior Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

///

     1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state court convictions for Attempted Murder and Assault in the Second Degree. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #1) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On December 26, 2001, petitioner was visiting his former girlfriend, Denise Colbray. That evening, Colbray's current boyfriend, Frank Randle, stopped by Colbray's residence while petitioner was still present. Petitioner and Randle became involved in a physical altercation during which petitioner stabbed Randle twice. As a result, petitioner was arrested and charged with Attempted Murder and Assault in the Second Degree. Respondent's Exhibit 102.

Petitioner pleaded not guilty to the charges and proceeded to a jury trial where he was convicted on both counts. Respondent's Exhibit 113. The trial court sentenced petitioner to a determinate sentence of 90 months in prison, and a three-year term of post-prison supervision. Respondent's Exhibit 101.

Petitioner initiated a direct appeal, but later elected to voluntarily dismiss the action. Respondent's Exhibit 105.

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all claims. Respondent's Exhibits 107, 116-117. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Jeffries v. Hill*, 205 Or. App. 112, 132 P.3d 1075, *rev. denied*, 341 Or. 244, 142 P.3d 73 (2006).

Petitioner filed his federal Petition for Writ of Habeas Corpus on August 9, 2006, raising several grounds for relief which the court organizes as follows:

1.   The criminal trial judge erred when he admitted evidence that did not meet the requirements of the Oregon Rules of Evidence;

2.   Trial counsel was ineffective when he failed to: (a) have the attending emergency room doctors present at trial; and (b) failed to remove juror #100;

3.   Appellate counsel was ineffective when he failed to file an appellant's brief raising a claim of trial court error based on the allegedly unlawful admission of evidence which did not meet the requirements of the Oregon Evidence Code;

4.   Petitioner's representation during his PCR trial constituted ineffective assistance of counsel; and

5.   The PCR trial court erroneously denied motions for discovery in violation of petitioner's right to due process, and wrongly denied relief on all of his claims.

Petition for Writ of Habeas Corpus (docket #1), pp. 4-7.

Respondent asks the court to deny relief on the Petition because: (1) Grounds 1 and 4 fail to show a constitutional violation; (2) Grounds 1, 3, 4, and 5 were not fairly presented to

3 - FINDINGS AND RECOMMENDATION

the Oregon state courts and are now procedurally defaulted; and (3) the state court decisions denying relief on the claims contained in Ground 2 are entitled to deference.

## DISCUSSION

### I.  Request for Counsel

In his supporting memorandum, petitioner asks the court to reinstate appointed counsel, Amy Baggio.   Counsel withdrew from this case on September 17, 2007, prompting petitioner to move for re-appointment of counsel.   The court denied the Motion in its Order (docket #34) dated October 9, 2007.   For the reasons contained in that Order, the court denies petitioner's renewed request for appointed counsel.

### II.  Expansion of the Record

Petitioner also asks the court to expand the record in this case to include the briefs which were filed in his state court proceedings.   As the underlying briefing is already a part of the existing record which respondent filed with the court, petitioner's request should be denied as moot.

### III. Failure to State a Claim

Ground 1 seeks habeas corpus relief based on an allegedly erroneous ruling concerning the Oregon Evidence Code.   Although respondent characterizes this as a state law claim, the court construes the claim liberally and considers it a Fourteenth Amendment due process claim.   Accordingly, the court concludes that

4 - FINDINGS AND RECOMMENDATION

petitioner has stated a potentially viable claim for purposes of this federal habeas corpus action.

Ground 4 asserts that the legal representation afforded petitioner during his PCR trial was so deficient as to constitute ineffective assistance of counsel. Petitioner's claim that his post-conviction attorneys were constitutionally deficient is not viable because petitioner had no constitutional right to counsel in his post-conviction proceedings. *Smith v. Idaho*, 383 F.3d 934, 939 (9th Cir. 2004).

## IV. <u>Exhaustion and Procedural Default</u>

Respondent next asserts that petitioner failed to preserve Grounds 1, 3, and 5 for federal habeas review. A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the

claims could have been considered, the claims have not been fairly presented to the state courts and, therefore, are not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Ground 1 alleges that the criminal trial court erroneously admitted evidence which should not have been considered. The PCR trial court refused to consider the claim because, under Oregon law, such a claim of trial court error could only be raised during a direct appeal. Respondent's Exhibit 116, pp. 19-20. Accordingly, petitioner failed to fairly present this claim to Oregon's state courts because he presented it in a context in which the merits were never considered.

Ground Three faults petitioner's direct appellate attorney for not filing challenging the trial court's decision to admit a document into evidence, allegedly in violation of the Oregon Evidence Code. The Appellant's Brief for the PCR appeal challenged appellate counsel's representation only on the basis of allegedly failing to review the entire transcript before suggesting that petitioner dismiss his appeal. Respondent's Exhibit 119, p. 9. While petitioner also filed an Appellant's Pro Se Supplemental Brief which did discuss the evidence claim,[1] the Petition for Review in the Oregon Supreme Court referred only to the ineffective assistance of appellate counsel claim raised in the counseled Appellant's Brief and only incorporated the argument contained in that brief. Respondent's Exhibit 122, p. 3. Accordingly, petitioner failed to fairly present his Ground 3 claim to the Oregon Supreme Court for consideration.

Ground 5 alleges that the PCR trial court erroneously denied petitioner's motions for discovery and wrongly denied relief on his claims. Petitioner raised these claims to the Oregon Court of Appeals in his Appellant's Pro Se Supplemental Brief, but as with Ground 3, failed to present them to the Oregon Supreme Court in his Petition for Review. Respondent's Exhibit 120, p. 3; Respondent's Exhibit 122.

---

[1] Respondent's Exhibit 120, p. 4.

Because the time for presenting these claims to the Oregon state courts passed long ago, Grounds 1, 3, and 5 are procedurally defaulted.    Although petitioner asserts that he is actually innocent, he fails to present new evidence of his innocence sufficient to excuse his default. *See Schlup v. Delo*, 513 U.S. 298 (1995).  In addition, petitioner argues that the Oregon Court of Appeals' practice of affirming trial court decisions without issuing a written opinion renders the process ineffective to protect his rights such as to excuse the exhaustion requirement altogether.  However, there is no support in the record for such a contention.  Accordingly, petitioner's default is not excused.

**V.**    **The Merits**

Petitioner's sole remaining ground for relief is Ground 2 which alleges that petitioner's trial attorney provided him with ineffective assistance of counsel by failing to: (a) have the attending emergency room doctors present at trial; and (b) remove juror #100 on the basis that he knew Randle, the victim in this case.

**A.**    **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

**B.  <u>Analysis</u>**

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's

performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696.

In this case, petitioner faults counsel for not calling as witnesses the treating physicians who tended to Randle on the night of the stabbing. Petitioner believes that the medical records were not truly indicative of the injuries Randle suffered and that physician testimony regarding the minor nature of the injuries would have significantly impacted the jury's decision with respect to both counts in the indictment. The PCR trial court made the following findings with respect to this claim:

> Now, you also thought that you may have been
> erred by not having the doctors present to
> testify. In this matter today, this post-
> conviction relief, there has been no evidence
> that you have been prejudiced, even if I were
> wrong, regarding the admission of these
> documents. You have the burden of proof. You
> have not presented any evidence of review by

> other physicians of those records that would
> say no, there was no -- no injury, something
> like that, nor have you tried to subpoena the
> doctors who wr[o]te those documents.

Respondent's Exhibit 116, p. 21.

Petitioner provided the PCR trial court with deposition testimony in support of this claim, but failed to present any independent evidence from which the PCR trial court could conclude that he suffered prejudice as a result of any failure on counsel's part. *See Horn v. Hill*, 180 Or. App. 139, 148-49, 41 P.3d 1127 (2002) ("Where evidence omitted from a criminal trial is not produced in a post-conviction proceeding . . . its omission cannot be prejudicial"); *see also Dows v. Wood,* 211 F.3d 480, 486-87 (9th Cir. 2000) (petitioner's self-serving affidavit regarding potential testimony of another is insufficient to prove ineffective assistance of counsel). Accordingly, the PCR trial court did not unreasonably apply *Strickland* to the facts of petitioner's case when it denied relief on this claim.

In Ground 2(b), petitioner faults trial counsel for not moving to dismiss Juror #100 on the basis that Juror #100 was a co-worker of Randle's and, therefore, was biased against him. The PCR trial court made the following findings with respect to this claim:

> I understand it's your position that there is
> somehow missing a transcript of voir dire, and
> that there were these other jurors. However,
> based on the facts before me, I can only
> conclude that there was only one potential
> juror, Mr. Crosby, who had any knowledge or
> connection with Mr. Randle, the victim here,

11 - FINDINGS AND RECOMMENDATION

> and that because . . . Mr. Crosby was excused
> for cause, that I do not find that your trial
> counsel was inadequate in the basis.

Respondent's Exhibit 116, p. 20.

These findings are supported by the record. Trial counsel filed an affidavit with the PCR trial court in which he attested that a single individual in the jury pool had worked with Randle, but that this juror was excused for cause after he expressed doubts about his ability to be objective in the case. Respondent's Exhibit 115, p. 2. This recollection is consistent with the voir dire transcript which shows that Juror #189, Thomas Crosby, was excused for cause when he admitted that because of his favorable opinion of Randle, he "might have a tendency to be swayed" in the case. Respondent's Exhibit 103, pp. 20-21. Based on the totality of the evidence, the PCR trial court did not unreasonably apply *Strickland* when it denied relief on this claim.

In his supporting memorandum, however, petitioner entirely changes the theory of his Ground (2)(b) claim. Specifically, he now identifies Juror #100 as Quincy Hoeft and claims that he wanted Hoeft removed from the case not because he worked with Randle, but because he was "glaring ominously at the [p]etitioner" and "Mr. Hoeft and District Attorney Robert Hill were very social, belonging to the same athletic club and those kids were gymnasts at that very same club." Petitioner's Reply Brief (docket #38), p. 9. This is

the first time in any of petitioner's state or federal proceedings that he has raised this claim.

Rule 2 of the Rules Governing Section 2254 Cases provides that a habeas corpus petition must "specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge. . . ." Petitioner, through the exercise of due diligence, could have presented this claim for consideration in his Petition for Writ of Habeas Corpus. His assertion that "this information was withheld in the Oregon State Appellate Process" is unsupported by any evidence in the record. Accordingly, the claim is not properly before the court for consideration because it is not contained in the Petition.

Even if petitioner had successfully moved to amend his Petition to include a claim of ineffective assistance of counsel based on his attorney's failure to remove Hoeft, petitioner never gave the state courts an opportunity to rule on the merits of this claim. Therefore it is procedurally faulted. Moreover, such a claim is distinct from any of the claims raised in his Petition. Any attempt to raise it in an amended petition would be futile since it is time-barred. *See Mayle v. Felix*, 545 U.S. 644, 650, 664 (2005) (an amended petition relates back to the filing of the original only if the claims "are tied to a common core of operative

facts" which are similar in time and type to those contained in the original petition).

## RECOMMENDATION

For the reasons identified above, petitioner's request to expand the record should be denied as moot; the Petition for Writ of Habeas Corpus (docket #1) should be DENIED; and judgment should be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation(s), if any, are due March 28, 2008 If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 11th day of March, 2008.

/s/  Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION